FILED
United States Court of Appeals
Tenth Circuit

February 18, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARTHA ATWOOD, as Personal
Representative of the Estate of Charles
Reed Atwood, deceased,

     Plaintiff - Appellee,

v.

CITY AND COUNTY OF DENVER,
d/b/a Denver International Airport,

     Defendant - Appellant.

No. 09-1302
(D.C. No. 09-CV-00604-RPM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

     This case asks us to decide whether a local government is immune from tort liability under Colorado law. While Colorado law generally shields public entities from liability, it permits suits to proceed if and when they negligently "maintain" a public facility. Holding that this "maintenance" exception applied

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to the facts of this case, the district court allowed this lawsuit to proceed. We are obliged to reverse.

The facts in this case are undisputed. Charles Atwood was traveling on a "moving walkway" at the Denver International Airport. As a result of a thunderstorm, the airport experienced a power outage and the walkway stopped. When power returned a few seconds later, the walkway restarted and Mr. Atwood fell and injured himself. In due course, Mr. Atwood brought this lawsuit against the City and County of Denver, alleging negligence and premises liability. In reply, Denver claimed state law immunity and moved to dismiss the case under Rule 12(b)(1). The district court denied the motion, and Denver filed this interlocutory appeal over which we now exercise jurisdiction. *See Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 837 (10th Cir. 2003).

Under Colorado law, a public entity is immunized "from liability in all claims for injury which lie in tort or could lie in tort . . . except as provided otherwise in this section." Colo. Rev. Stat. § 24-10-106(1). The parties before us agree that this statute pertains to both of Mr. Atwood's causes of action (negligence and premises liability) because both "lie in tort or could lie in tort." The parties also agree that the only way Mr. Atwood might avoid dismissal is by invoking a statutory exception that allows lawsuits to proceed if the plaintiff's injuries resulted from a "dangerous condition of any public building." Colo. Rev.

Stat. § 24-10-106(1)(c). A "dangerous condition," in turn, is defined as a condition of a facility that is "proximately caused by the negligent act or omission of the public entity . . . in . . . *maintaining* such facility." Colo. Rev. Stat. § 24-10-103(1) (emphasis added); *see also Springer v. City and Cnty. of Denver*, 13 P.3d 794, 799 (Colo. 2000).

We agree with Denver that, as a matter of law, this "maintenance" exception doesn't apply to this case. "Maintenance" is defined by statute to mean the "act or omission of a public entity . . . in keeping a facility in the same general state of repair or efficiency as initially constructed or in preserving a facility from decline or failure." Colo. Rev. Stat. § 24-10-103(2.5). Nowhere does Mr. Atwood dispute that Denver kept the walkway in the same state "as initially constructed." Neither does he appear to suggest that Denver failed to preserve the facility "from decline or failure." Indeed, on the day of Mr. Atwood's accident it is undisputed that the walkway functioned exactly as it was designed and intended; the walkway did not, in this sense, suffer from any decline or failure. To be sure, Mr. Atwood contends that Denver failed to *operate* or *use* the walkway properly — by failing to turn off the walkway during the thunderstorm and then perhaps by failing to warn pedestrians before restarting the walkway, or by failing to post signs alerting pedestrians to the risks associated with the use of the walkway. But the negligent *operation* or *use* of a facility is not the same as the negligent *maintenance* of a facility. Indeed, Colorado's

immunity statute makes clear that the "maintenance" and "operation" of a public facility are two entirely different things. *Compare* Colo. Rev. Stat. § 24-10-103(2.5) (defining "maintenance") *with* § 24-10-103(3) (defining "operation"); *see also* Colo. Rev. Stat. § 24-10-106(f) (waiving immunity for the "*operation* and *maintenance* of any public water facility") (emphasis added). And it is only a failure to "maintain" — not to "operate" — that could serve to waive immunity in this case.

Any lingering worries we might have about the propriety of this statutory interpretation as an initial matter are answered by cases that have come down this way before us, in particular a pair of decisions issued by the Colorado Supreme Court. In *Medina v. State*, the plaintiffs sued Colorado for its failure to close a highway susceptible to falling boulders. 35 P.3d 443, 448 (Colo. 2001). Finding immunity, the court held that "claims asserting a failure to warn, *failure to close* the highway, or failure to suggest alternate routes" (that is, to warn users of latent dangers) do not amount to an actionable failure to *maintain* the highway. *Id.* at 449 (emphasis added). Similarly, in *Padilla ex rel. Padilla v. Sch. Dist. No. 1*, the Colorado Supreme Court found immunity where the plaintiff "merely alleged that the government *used* the facility in an unsafe manner, thus only alleging that the government was negligent in its *use* of the facility." 25 P.3d 1176, 1183 (Colo. 2001) (emphasis added). Mr. Atwood's case is analytically indistinguishable from these cases. Mr. Atwood says Denver used the walkways

- 4 -

in a dangerous manner when it neglected to turn them off during a thunderstorm; he says Denver should have at least posted notices or otherwise alerted pedestrians to the potential dangers associated with a power outage. But it is patent that, as interpreted by the Colorado Supreme Court, none of this is sufficient as a matter of law to suggest Denver failed to *maintain* the walkway and so strip it of immunity. And of course the Colorado Supreme Court is the definitive voice of Colorado law to whom we must listen when called upon, as here, to apply a state statute.

For these reasons, the order of the district court denying Denver's Rule 12(b)(1) motion is reversed, and this matter is remanded to the district court for entry of Rule 12(b)(1) judgment in favor of the defendant.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge